# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2387

_____

In Re:  David R. Swimmer,           *
                                    *
          Debtor.                   *
                                    *
------------------------------------    *
                                    *
David R. Swimmer,                   *    Appeal from the United States
                                    *    District Court for the Eastern
          Plaintiff - Appellant,    *    District of Missouri.
                                    *
     v.                             *    [UNPUBLISHED]
                                    *
Catherine V. Manzonelli,            *
                                    *
          Defendant - Appellee.     *

_____

Submitted: January 14, 1998
       Filed:  August 13, 1998

_____

Before LOKEN, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     In this case, the bankruptcy court entered a judgment against appellant David R. Swimmer awarding Catherine Manzonelli and her minor children, Brandon and Alexandra Manzonelli, $21,592.18 in compensatory damages and $30,000 in punitive damages.  The bankruptcy court also ruled that Swimmer's debt to the Manzonellis was

nondischargeable. See 11 U.S.C. § 523(a)(2) and (4) (1994). The district court affirmed the bankruptcy court's judgment. Swimmer appeals, and we affirm.

## I.    BACKGROUND

On October 8, 1991, Manzonelli contacted Swimmer, a licensed Missouri attorney, to represent her in a wrongful death action arising out of the July 1991 death of her husband. Swimmer agreed to represent Manzonelli in the wrongful death action and also agreed to assist her in obtaining disputed life insurance proceeds relating to her husband's death. Manzonelli signed an Attorney's Employment Contract, which summarized the services Swimmer would provide. Sometime after Manzonelli signed the contract, Swimmer unilaterally altered the contract in an attempt to collect attorneys fees from all life insurance proceeds, rather than from only the policies which were in dispute. Swimmer subsequently filed an attorney's lien on all life insurance proceeds, some of which were undisputed and were to be paid to the benefit of the children.

Manzonelli did not learn of the modified contract until she received a copy from the insurance company. Swimmer refused Manzonelli's requests to release his liens on the insurance policies. Swimmer contends that he agreed to release the lien in April of 1992, and then again in September 1992, but only in exchange for expenses incurred in the representation. Manzonelli apparently refused these offers.

On November 9, 1992, Swimmer filed a Chapter 7 bankruptcy petition. On December 10, 1992, the bankruptcy court dismissed Swimmer's case, and Manzonelli, as a listed creditor, received notice of that dismissal. Swimmer successfully moved the bankruptcy court to reopen his Chapter 7 proceedings, but failed to notify all creditors and interested parties of the reopened proceeding, despite an order of the bankruptcy court that he do so.

After learning that the bankruptcy proceeding had been reopened, Manzonelli filed an adversary complaint seeking a judgment requiring Swimmer to release his liens and a determination that any damages Swimmer owed to her were nondischargeable. Swimmer filed an answer on July 13, 1993. The court mailed a summons and notice of a pretrial conference set for July 22, 1993 to Swimmer and his attorney at their shared Clayton law office. However, neither Swimmer nor his attorney appeared at the pretrial conference.

Manzonelli requested a default order from the court. The court, under the mistaken belief that Swimmer had not filed an answer, granted the default judgment. When the court notified Swimmer of the default judgment, he filed a motion for reconsideration. On August 18, 1993, upon recognizing that Swimmer had filed an answer, the bankruptcy court set aside the default order. On the same day, the court entered an order scheduling pretrial deadlines and setting trial for November 15, 1993. These orders were mailed to Swimmer and his attorney at their shared office.

On November 15, neither Swimmer nor his attorney appeared for trial. The court, sitting without a jury, declined to enter a default judgment because Swimmer had filed an answer. The court received evidence from Manzonelli, which included testimony and documentary evidence. The court found that Swimmer's actions were willful and malicious and ordered compensatory damages in the amount of $21,592.18, in addition to four percent interest on the life insurance proceeds from February 20, 1992, until the date Swimmer released the liens on said proceeds. The bankruptcy court also awarded punitive damages totaling $30,000. The court made these awards nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(4).

The court mailed the judgment to Swimmer and his attorney at their law office on May 13, 1996. Swimmer, through new counsel, filed a motion for reconsideration on May 23, 1996, which was denied. In support of his motion, both Swimmer and his former counsel submitted affidavits stating that they had not received notice of the

November 15, 1993 trial date. The bankruptcy court[1] denied Swimmer's motion for reconsideration. Swimmer appealed to the district court,[2] which affirmed the bankruptcy court's judgment. Swimmer now appeals to this court, and we affirm.

## II.   DISCUSSION

We apply the same standards of review to the bankruptcy court's orders as the district court. We review findings of fact for clear error and conclusions of law de novo. See Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987).

Swimmer contends that the bankruptcy court erred in refusing to set aside the "default" judgment because he did not receive three days' written notice before the hearing, see Fed. R. Civ. P. 55(b)(2), and because he set forth good and meritorious defenses in his motion for reconsideration, see Fed. R. Civ. P. 55(c). However, the bankruptcy court did not enter a default judgment against Swimmer. Rather, the court entered a judgment in favor of Manzonelli following a trial on the merits. The bankruptcy judge specifically stated that Swimmer was "not in a default posture because he did file an answer." Swimmer's App. at 86-87. Because the bankruptcy court did not enter a default judgment, Swimmer's Rule 55 arguments are without merit.

Swimmer claims that the bankruptcy court should have set aside the judgment because Swimmer did not receive notice of the November 15, 1993 trial date. Swimmer filed affidavits to establish that he did not receive such notice. We conclude that the bankruptcy judge did not clearly err by refusing to credit Swimmer's affidavits. The bankruptcy judge's docket sheet demonstrates that Swimmer had a history of

---

[1]The HONORABLE DAVID P. McDONALD, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

disregarding court-ordered deadlines and delaying proceedings. Throughout the early years of these proceedings, up to and including the trial date, Swimmer had been served at the same address, his office at 7777 Bonhomme Avenue in Clayton, Missouri, which was also the address of his attorney. Swimmer admits that he received some notices at this address but claims he did not receive others. Swimmer claims that he did not receive the notice setting the trial date, but fails to explain how he became aware of the outcome of the motion to set aside default, which was mailed the same day. The bankruptcy judge's finding that Swimmer's and his counsel's affidavits were not credible is fully supported by the evidence and is not clearly erroneous.

Swimmer also argues that the bankruptcy court's award of punitive damages in favor of Brandon and Alexandria Manzonelli was in error because neither of the children were named parties in the dispute. We do not address the merits of this argument because Swimmer did not properly raise the argument in the bankruptcy court. See Exec Tech Partners v. Resolution Trust Corp. (In re: Exec Tech Partners), 107 F.3d 677, 681 (8th Cir. 1997). Furthermore, Swimmer has abandoned this issue because he has not conformed with the appropriate briefing standards. See Fed. R. App. P. 28(a)(6) ("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); United States v. Gonzalez, 90 F.3d 1363, 1369-70 (8th Cir. 1996).

Finally, Swimmer contends that the record as a whole does not support an award of punitive damages or a determination that his debts to the Manzonellis are nondischargeable. We disagree. The bankruptcy court correctly determined that Swimmer's conduct justified an award of punitive damages under Missouri law and a determination that his debts were nondischargeable under 11 U.S.C. § 523(a)(4).[3]

---

[3]Because we conclude that Swimmer's debts are nondischargeable under section 523(a)(4), we do not discuss nondischargeability under section 523(a)(2).

Under Missouri law, "'[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or reckless indifference to the rights of others.'" Burnett v. Griffith, 769 S.W.2d 780, 789 (Mo. 1989) (quoting Restatement (Second) of Torts § 908(2) (1979)). We agree with the bankruptcy court's conclusion that Swimmer's conduct rose to a level which justified an award of punitive damages. Swimmer, who had been hired by Manzonelli to represent her best interests, unilaterally altered his Attorney Employment Contract to increase the payment he would receive. Following this inappropriate action, Swimmer refused to release his ill-begotten liens on the undisputed insurance policies. Thus, the award of punitive damages was appropriate under Missouri law.

We also conclude that the bankruptcy court properly determined that Swimmer's debts to the Manzonellis were nondischargeable under 11 U.S.C. § 523(a)(4). Swimmer, as Manzonelli's attorney, was acting in a fiduciary capacity. See Tudor Oaks Ltd. Partnership v. Cochrane (In re: Cochrane), 124 F.3d 978, 984 (8th Cir. 1997), cert. denied, 118 S. Ct. 1044 (1998). Swimmer's actions of altering the contract and placing a lien on all of the undisputed insurance proceeds payable to Manzonelli and her children was sufficient to establish fraud or defalcation under 11 U.S.C. § 523(a)(4). See id.

## III. CONCLUSION

For the reasons set forth in the above opinion, we affirm the bankruptcy court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.